## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CASSANDRA YORK and STEPHANIE TEACHOUT, individually and on behalf of all others similarly-situated | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 3:16-cv-894 |
| v. | ) ) | **JURY DEMANDED** |
| ANDALOU NATURALS, INC. | ) ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiffs, Cassandra York and Stephanie Teachout, individually and on behalf of all others similarly-situated, allege the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

### CASE SUMMARY

1.    This case arises out of Defendant Andalou Naturals, Inc.'s ("Defendant") deceptive, unfair, and false merchandising practices regarding its Andalou Naturals line of hair care products (the "Products").

2.    By naming the Products "Naturals," Defendant deceptively, falsely, and unfairly claims and deceives consumers into believing that the Products are solely comprised of ingredients that are "natural," when in fact the Products contain numerous synthetic and potentially harmful chemicals that are not "natural" at all.

3.    By naming the Products "Naturals," moreover, the labels of the Products create the false impression and have the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Products are solely comprised of ingredients that are "natural,"

1

when in fact the Products contain numerous synthetic and potentially harmful chemicals that are not "natural" at all.  Moreover, the overall format and appearance of the Products have the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because they create the false impression that the Products are only comprised of natural ingredients.

4.       The Products, however, contain a number of synthetic ingredients, including Sodium Benzoate, Citric Acid, Potassium Sorbate, and Exthylexylglycerin (the "Synthetic Ingredients").

5.       Indeed, two of the Synthetic Ingredients—Sodium Benzoate and Citric Acid—may combine to form Benzene, a known carcinogen associated with leukemia and other blood cancers.

6.       Because the Products contain the Synthetic Ingredients, the representation that the Products are "Naturals" is false, deceptive, unfair, and misleading.

7.       According to the FTC, "if companies market their products as 'all natural' or '100% natural,' consumers have a right to take them at their word."  https://www.ftc.gov/news-events/blogs/business-blog/2016/04/are-your-all-natural-claims-all-accurate

8.       The FTC recently made clear that "'all-natural' or '100% natural' mean just that. If you advertise your product as 'all-natural' or '100% natural' and it contains artificial ingredients or chemicals, now is the natural time for a compliance check." https://www.ftc.gov/news-events/blogs/business-blog/2016/04/are-your-all-natural-claims-all-accurate

9.       Like the FTC, Plaintiff and reasonable consumers reasonably believe and assume that products labeled "Naturals" do not contain any artificial or synthetic substances.

10.     By claiming that the Products are "Naturals," Defendant deceived consumers, including Plaintiff, into believing that the Products are comprised only of natural ingredients, when they in fact contain the Synthetic Ingredients.

11.     Plaintiff York brings this case for declaratory and equitable relief and to recover damages on behalf of an Illinois Class for Defendant's false, deceptive, unfair, and misleading marketing and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA"), 815 Ill. Comp. Stat. Ann. 505/2, and Illinois common law.

12.     Plaintiff Teachout brings this case for declaratory and equitable relief to recover damages on behalf of a Missouri Class for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act (the "MMPA"), Mo. Rev. Stat § 407.020.43, and Missouri common law.

13.     Both Plaintiffs bring this case on behalf of a Nationwide Class to recover damages for Defendant's unjust enrichment and breach of an express warranty.

## PARTIES

14.     Plaintiff, Cassandra York, is a resident and citizen of Monroe County, Illinois. On at least one occasion during the Class Period (as defined below), including in April 2016, Plaintiff purchased Andalou Naturals Sunflower & Citrus Shampoo at Fresh Thyme Farmers Market in St. Clair County, Illinois, for personal, family, or household purposes after reviewing the "Naturals" label, which deceived her.  If Plaintiff had known the Products contained artificial and synthetic ingredients, she would not have purchased it or would have paid less for it.  The purchase price of the Product was $9.29.  Plaintiff's claim is typical of all class members in this regard.

15.     Plaintiff, Stephanie Teachout, is a resident of the City of St. Louis, Missouri.  On at least one occasion during the Class Period (as defined below), including in December 2015, Plaintiff purchased Andalou Naturals Sunflower and Citrus Shampoo at Whole Foods for personal, family, or household purposes.   The purchase price of the Shampoo was $9.99. Plaintiff's claim is typical of all class members in this regard.  The label of each of the Products is substantially similar.

16.     Defendant Andalou Naturals Inc. is a California corporation with its principal place of business at 7250 Redwood Blvd., Ste. 208, Novato, CA 94945.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over the subject matter presented by this Class Action Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), which explicitly provides for the original jurisdiction of the federal courts of any class action in which any member of the Putative Class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.   For diversity purposes, Plaintiff York is a citizen of the State of Illinois, Monroe County; Plaintiff Teachout is a citizen of the State of Missouri, City of St. Louis; and Defendant is a citizen of New Jersey where its headquarters are or Delaware where it is incorporated.

18.     Pursuant to 28 U.S.C. § 1332(d)(2)(A), Plaintiff alleges that damages resulting from the claims in this action are in excess of $5,000,000.00, in the aggregate, exclusive of interest and costs.

19.     This Court has personal jurisdiction over Defendant because Defendant has had more than minimum contacts with the State of Illinois and has purposefully availed itself of the

privilege of conducting business in this state. In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Illinois that gives rise to civil liability, including distributing the misleading Product for sale throughout the State of Illinois.

20.    Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in, and may be found in, this district, and Plaintiff purchased the Product in this judicial District.

## ALLEGATIONS OF FACT

21.    Defendant markets, sells, and distributes personal-care products, including the Products.

22.    Knowing that consumers like Plaintiff are increasingly interested in purchasing products that do not contain potentially harmful artificial, synthetic ingredients and chemicals, Defendant has sought to take advantage of this growing market by labeling certain products as "Naturals."

23.    Seeking to profit from the increasing demand for truly natural products, Defendant sells a number of hair-care products under the name "Andalou Naturals," including:

- Andalou Naturals Argan & Sweet Orange Shampoo;
- Andalou Naturals Lavender & Biotin Shampoo;
- Andalou Naturals Sunflower & Citrus Shampoo;
- Andalou Naturals Argan Stem Cells Shampoo;
- Andalou Naturals Argan & Sweet Orange Conditioner;
- Andalou Naturals Lavender & Biotin Conditioner;
- Andalou Naturals Sunflower & Citrus Conditioner; and
- Andalou Naturals Argan Stem Cells Conditioner.

24.    By affixing such a label to the packaging of the Products, Defendant is able to entice consumers like Plaintiff to pay a premium for the Products.

25.     The labels of the Products are deceptive, unfair, false, and misleading in that Defendant represents that the Products are "Naturals" when they in fact contain the Synthetic Ingredients.



26.     The Products, however, are not "Naturals" because they contain the Synthetic Ingredients.

27.     Citric Acid is a synthetically manufactured preservative that is manufactured by fermenting a sugar, usually highly processed and/or genetically modified corn syrup, with black mold *(aspergillus niger)*, usually also genetically modified, and then treating the fermentation with sulfuric acid.  In a warning letter to Hirzel Canning Company, the FDA indicated that the addition of Citric Acid to a product precludes the use of the term "natural" to describe the product.  While Citric Acid does exist naturally in citrus fruits, on information and belief, the Citric Acid used in the Products is synthetically manufactured.

28.     Sodium Benzoate is a synthetically-manufactured preservative that can cause allergic and asthmatic reactions and may be linked to ADHD.  It can also be cancer-causing when combined with Citric or Ascorbic Acid.

29.     Potassium Sorbate is a synthetically-manufactured preservative that may cause allergic reactions, rashes, and irritation to the skin and eyes.

30.     Exthylexylglycerin is a synthetic skin-conditioning agent and preservative that has been shown to be an allergen that can cause contact dermatitis.

31.     Because the Products contain the Synthetic Ingredients, two of which in combination are believed to create a carcinogen, Defendant's representations that the Products are "Naturals" is deceptive, unfair, and false.

32.     The label of each of the Products is substantially similar.

33.     Like the FTC, Plaintiff and reasonable consumers reasonably believe and assume that products labeled "Naturals" do not contain any artificial or synthetic substances.  Neither Plaintiff nor any reasonable consumer would expect to find synthetic ingredients in Products labeled and named "Naturals."

34.     No reasonable consumer would know or should know when reviewing the Products' labels that Sodium Benzoate, Citric Acid, Potassium Sorbate, and Exthylexylglycerin are not natural ingredients.

35.     As a result of Defendant's deceitful labels, Defendant was able to charge and Plaintiff and class members paid a premium for the Products.  The Products, moreover, were worth less than they were represented to be, and Plaintiff and Class Members paid extra for them due to the "Naturals" representation.

7

36.     Defendant's misrepresentation constitutes unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation within the meaning of the ICFA.

## CLASS ALLEGATIONS

37.     For class certification purposes, the term "Andalou Naturals Shampoo and Conditioner Products" includes the following Products:

a.     Andalou Naturals Argan & Sweet Orange Shampoo;
b.     Andalou Naturals Lavender & Biotin Shampoo;
c.     Andalou Naturals Sunflower & Citrus Shampoo;
d.     Andalou Naturals Argan Stem Cells Shampoo;
e.     Andalou Naturals Argan & Sweet Orange Conditioner;
f.     Andalou Naturals Lavender & Biotin Conditioner;
g.     Andalou Naturals Sunflower & Citrus Conditioner; and
h.     Andalou Naturals Argan Stem Cells Conditioner.

38.     For class certification purposes, the "Class Period" is defined as the five years preceding the filing of the Complaint in this case, which is August 10, 2011, through the present.

39.     Pursuant to Fed. R. Civ. Pro. 23(a), (b)(2) and (b)(3), Plaintiffs bring this action on their own behalf and on behalf of the following proposed classes of all other similarly situated persons ("Class Members" of the "Classes") consisting of:

• The Nationwide Class:   All citizens of all states in the United States who purchased Andalou Naturals Shampoo and Conditioner Products during the Class Period.

• The Illinois Class:   All citizens of Illinois who purchased Andalou Naturals Shampoo and Conditioner Products for personal, household, or family purposes and not for resale during the Class Period.

- <u>The Missouri Class</u>:   All citizens of Missouri who purchased Andalout Naturals Shampoo and Conditioner Products for personal, household, or family purposes and not for resale during the Class Period.

40.    Excluded from the Classes are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

41.    Upon information and belief, the Classes consist of thousands of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

42.    There are numerous and substantial questions of law or fact common to all of the members of the Classes and which predominate over any individual issues.  Included within the common question of law or fact are:

a.    Whether the "Naturals" claim on the Products' labels is false, misleading, unfair, and deceptive;

b.    Whether the Products' labels create false impressions and have the tendency and capacity to mislead consumers;

c.    Whether Defendant violated the ICFA by selling the Products with false, misleading, and deceptive representations;

d.    Whether Defendant violated the MMPA by selling the Products with false, misleading, and deceptive representations;

e.   Whether Defendant intended that Plaintiff and the Class Members would rely on the "Naturals" representation;

f.   Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

g.   Whether Defendant was unjustly enriched; and

h.   The proper measure of damages sustained by Plaintiffs and Class Members.

43.   The claims of the Plaintiffs are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiffs and Defendant's conduct affecting Class Members, and Plaintiffs have no interests adverse to the interests other Class Members.

44.   Plaintiffs will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

45.   A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.   The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Classes;

b.   Absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

    c.   Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d.   When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

    e.   This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and members of the Classes can seek redress for the harm caused to them by Defendant.

46.    Because Plaintiffs seek relief for the entire Classes, the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual member of the Classes, which would establish incompatible standards of conduct for Defendant.

47.    Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation.  Adjudications with respect to individual members of the Classes would, as a practical matter, be dispositive of the interest of other members of the Classes who are not parties to the adjudication and may impair or impede their ability to protect their interests.  As a consequence, class treatment is a superior method for adjudication of the issues in this case.

48.     Defendant has acted on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## CLAIMS FOR RELIEF

### Count I — Violation of the ICFA

### (On Behalf of the Illinois Class)

49.     Plaintiff York repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

50.     The ICFA declares the following to be unlawful: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the conduct of any trade or commerce[.]" 815 Ill. Comp. Stat. Ann. 505/2

51.     In construing the ICFA, consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.

52.     As recently confirmed by the FTC, Defendant's conduct in advertising and selling the Products as "Naturals" when they in fact contain the Synthetic Ingredients constitutes the act, use and employment of deception, fraud, false pretenses, false promises, misrepresentation, and unfair practices in the conduct of Defendant's trade or commerce.

53.     Defendant intended that Plaintiff and the Class Members would rely on its "Naturals" representations.  Defendant is aware that consumers like Plaintiff and Class Members

are becoming more and more interested in purchasing truly natural, healthy products that do not contain synthetic, potentially harmful ingredients.  Defendant intended to prey on this interest.

54.    The "Naturals" misrepresentation is material because it concerns the type of information upon which a reasonable consumer would be expected to rely in making a decision whether to purchase.

55.    Because Defendant is in the business of selling personal-care products, Defendant committed the unfair and deceptive acts in the conduct of its trade and commerce.

56.    Defendant's practice of advertising and selling the Products as "Naturals" when they in fact contain the Synthetic Ingredients is also unfair.  The practice offends public policy and is immoral, unethical, and unscrupulous because Illinois consumers are increasingly interested in purchasing and using healthy, truly natural products without synthetic substances. Selling the Products as "Naturals" when they contain synthetic substances offends the public's expectation to be told the truth about the products they are buying.

57.    Defendant's conduct causes substantial injury to consumers.   Not only are consumers being misled into purchasing Products that are not what they are represented to be, but exposing consumers to unwanted, potentially harmful synthetic ingredients is substantially injurious.

58.    Neither Plaintiff nor any reasonable consumer would expect to find synthetic ingredients in a product labeled "Naturals."

59.    Neither Plaintiff nor any reasonable consumer when reviewing the ingredient list would know nor should know that the Synthetic Ingredients are not natural.

60.    Because the Products are not "Naturals" as represented, the Products as sold were worth less than the Products as represented, and Plaintiff and class members paid a premium for

them. Had the truth be known, Plaintiff and Class Members would not have purchased the Products.

61.     Plaintiff and Class Members were deceived by the "Naturals" representations and suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Products and the value of the Products if they had been as represented.

## Count II — Violation of MMPA

### (On Behalf of the Missouri Class)

62.     Plaintiff Teachout repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

63.     Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. Mo. Rev. Stat § 407.020.43.

64.     Defendant's conduct as described herein constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts in connection with the sale or advertisement of any merchandise in trade or commerce in that Defendant misrepresents that the Products are "Naturals," leading consumers to believe that the Products are solely comprised of ingredients that are "natural," when they in fact contain multiple synthetic ingredients, two of which in combination may form Benzene, a known carcinogen.

65.     By naming the Products "Naturals," moreover, the labels of the Products create the false impression and have the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Products are solely comprised of ingredients that are "natural," when in fact the Products contain numerous synthetic and potentially harmful chemicals that are not "natural" at all. Moreover, the overall format and appearance of the Products have the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because they create the false impression that the Products are only comprised of natural ingredients.

66.     Neither Plaintiff nor any reasonable consumer would expect to find synthetic ingredients in Products labeled and named "Naturals."

67.     No reasonable consumer would know or should know that Sodium Benzoate, Citric Acid, Potassium Sorbate, and Exthylexylglycerin are not natural ingredients.

68.     As a result of Defendant's deceitful labels, Defendant was able to charge and Plaintiff paid a premium for the Products.

69.     The Products, moreover, was worth less than they were represented to be, and Plaintiff and Class Members paid extra for them due to the "Naturals" labeling.

70.     Plaintiff and Class Members purchased the Products for personal, family, or household purposes and thereby suffered an ascertainable loss as a result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Products and the value of the Products if they had been as represented.

71.     Defendant's unlawful practices have caused similar injury to Plaintiff and numerous other persons. § 407.025.2.

### Count III — Unjust Enrichment

### (On Behalf of the Nationwide Class)

72.     Plaintiffs repeat and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

73.     By purchasing the Products, Plaintiffs and the class members conferred a benefit on Defendant in the form of the purchase price of the fraudulent Products.

74.     Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would have no sales and make no money.

75.     Defendant's acceptance and retention of the benefit is inequitable and unjust and violates the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendant's fraudulent and misleading representations about the Products.

76.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Illinois law, and therefore restitution and/or disgorgement of such economic enrichment is required.

### Count IV — Breach of Express Warranty

### (On Behalf of the Nationwide Class)

77.     Plaintiffs repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

78.     Defendant made the affirmation of fact and the promise to Plaintiffs and the class members that the Products are "natural," guaranteeing to Plaintiffs and the class members that the Products were in conformance with the representation.

79.     These affirmations of fact and promises became part of the basis of the bargain in which Plaintiffs and class members purchased Defendant's Products, and Plaintiffs and class members relied on the affirmations when making their purchasing decisions.

80.     Defendant breached its express warranty that the Products are "natural" by providing Plaintiffs and class members with Products that contain synthetic ingredients.

81.     As a result of Defendant's breach of warranty, Plaintiffs and the class members have been deprived of the benefit of their bargain in that they bought Products that were not what they were represented to be, and they have spent money on Products that had less value than was reflected in the premium purchase price they paid for the Products.

82.     Because Defendant made the affirmation of fact and promise directly on its own labels and packaging, privity is not required to bring this claim.

83.     Because Defendant has actual knowledge that its Products contain synthetic ingredients and because others have already alerted Defendant to the issues with its Products, pre-suit notice of this claim is not required.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all similarly situated persons, prays the Court:

a.     Grant certification of this case as a class action;

b.     For an award of declaratory and equitable relief declaring Defendant's conduct to be in violation of ICFA and the MMPA, and enjoining Defendant from continuing to engage in deceptive, unfair, and false marketing of the Products;

c.     Appoint Plaintiffs as Class Representative and Plaintiff's counsel as Class Counsel;

       d.      Award compensatory damages to Plaintiffs and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

       e.      Award pre- and post-judgment interest;

       f.      Award reasonable and necessary attorneys' fees and costs; and

       g.      For all such other and further relief as may be just and proper.

Dated:  August 9, 2016          Respectfully submitted,

                By:    /s/ Matthew H. Armstrong
                      Matthew H. Armstrong (ARDC 6226591)
                      ARMSTRONG LAW FIRM LLC
                      8816 Manchester Rd., No. 109
                      St. Louis MO 63144
                      Tel: 314-258-0212
                      Email: matt@mattarmstronglaw.com

                      Stuart L. Cochran
                      Law Offices of Stuart L. Cochran, PLLC
                      12720 Hillcrest Rd., Ste. 1045
                      Dallas, TX 75230
                      (214) 300-1765
                      scochran@scochranlaw.com

                      Attorneys for Plaintiffs and the Putative Class