IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASSANDRA YORK and STEPHANIE TEACHOUT, Individually and on Behalf of all Others Situated, | ) ) ) ) |
| Plaintiffs, | ) )   Case No. 16-CV-894-SMY-DGW |
| vs. | ) ) ) |
| ANDALOU NATURALS, INC., | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Pending before the Court is Defendant Andalou Naturals Inc.'s Motion to Dismiss (Doc. 12). Plaintiffs filed a response (Doc. 16). For the following reasons, the motion is **DENIED**.

## Background

In this putative class action, Plaintiffs Cassandra York and Stephanie Teachout allege that Defendant Andalou Naturals "deceived consumers into believing that its hair care products (the "Products") were solely comprised of ingredients that are "natural" when in fact the Products contain numerous synthetic and potentially harmful chemicals that are not "natural" at all" (Doc. 1, ¶ 2). Plaintiffs' Complaint alleges claims for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count I), the Missouri Merchandising Practices Act ("MMPA") (Count II), unjust enrichment (Count III), and breach of express warranty (Count IV) (Doc. 1). Plaintiffs seek to represent a nationwide class of consumers that purchased any of the eight products included in the Andalou Naturals haircare line. Plaintiffs further seek to represent putative subclasses of Illinois and Missouri consumers who purchased any of the eight products.

## Discussion

As an initial matter, Defendant argues that Plaintiff York lacks standing because her claims were rendered moot when Defendant tendered full relief in her Illinois state court action. However, Plaintiff York rejected the offer and thus her claims are not moot. *See Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 672, 193 L.Ed.2d 571 (2016) (concluding that an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case). Defendant also contends that Plaintiffs are forum shopping because they have filed and dismissed claims in state court prior to the current federal lawsuit. As Plaintiffs correctly note, they are the "masters of their complaints" and the fact that they voluntarily dismissed lawsuits in state court prior to filing suit in federal court does not warrant dismissal of the instant action. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000).

Defendant also moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting that: (1) Plaintiffs cannot sustain viable consumer fraud claims because Defendant does not falsely advertise its line of Products; (2) Plaintiffs unjust enrichment and breach of express warranty claims fail to state a claim; and (3) this action should be dismissed under the doctrine of primary jurisdiction.

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair

notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

### Counts I and II - ICFA and MMPA Claims

The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") prohibits the "misrepresentation or the concealment, suppression or omission of any material fact" in the conduct of any trade or commerce. 815 ILCS § 505/2. In order to state a claim for violation of the ICFA, a plaintiff must allege: "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is a result of the deception." *De Bouse v. Bayer,* 922 N.E.2d 309, 313 (Ill. 2009); *Rickher v. Home Depot, Inc.*, 535 F.3d 661, 665 (7th Cir. 2008).

To state a claim under the Missouri Merchandising Practices Act ("MMPA"), a plaintiff must allege that: (1) she purchased merchandise from the defendant; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss; (4) as a result of an unlawful practice. Mo. Rev. Stat. § 407.025(1). Under the MMPA, "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce...is declared to be an unlawful practice." Mo. Rev. Stat. § 407.020.1. The MMPA is interpreted broadly in order to promote its purpose to protect consumers. *Huch v. Charter Commc'ns., Inc.,* 290 S.W.3d 721, 724 (Mo. 2009).

Relying on *Murphy v. Stonewall Kitchen, LLC*, No. 1522-CC00481 (22nd Judicial Circuit, Jan. 26, 2016), Defendant argues that Plaintiffs' consumer fraud claims fail because its product labels neither create a likelihood of deception nor are "likely to mislead a reasonable consumer." Specifically, Defendant asserts that reasonable consumers understand that hair care products contain synthetic ingredients and that placing its brand name in the labels of its products does not in and of itself connote a product free of synthetic ingredients. In *Murphy,* the trial court dismissed the plaintiff's consumer fraud claim for failure to state a claim, finding that the defendants' labeling of its cupcake mix as "all natural" was not deceptive or misleading because the disputed ingredient was specifically listed on the label.

The Court notes that *Murphy* was recently reversed by the Missouri Court of Appeals. *See Murphy v. Stonewall Kitchen, LLC,* 2016 WL 6596083 (Mo. Ct. App. Nov. 8, 2016). More importantly, whether a reasonable consumer would be deceived by a product label or a reasonable consumer's understanding of the term "natural" are questions of fact that cannot be resolved pursuant to a motion to dismiss. *See Murphy,* 2016 WL 6596083, at * 2*; Gubala v. CVS Pharm., Inc.,* 2016 WL 1019794, at *8 (N.D. Ill. Mar. 15, 2016) ("Plaintiff does not need to prove his case at the pleading stage of the case."). Rather, Plaintiffs are only required to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955; *see also, Swanson v. Citibank, N.A*., 614 F.3d 400, 404 (7th Cir. 2010).

Here, Plaintiffs allege that (1) Defendant intended that they would rely on its "naturals" representations; (2) Defendant's products are misleading because they contain synthetic substances including Sodium Benzoate, Citric Acid and Potassium Sorbate; (3) that the "naturals" misrepresentation is material because it is the type of information upon which a reasonable consumer would be expected to rely on in making a decision whether to purchase a

4

particular product; (4) that no reasonable consumer would know that those ingredients were not natural ingredients; and (5) that Defendant's conduct causes substantial injury to consumers by exposing them to unwanted, potentially harmful synthetic ingredients. These allegations are sufficient to state viable claims for violations of the ICFA and MMPA.

Defendant further contends that its labels clearly and unambiguously disclose the presence of both natural and synthetic ingredients. This so-called "ingredient list" defense has been rejected by numerous courts. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939-40 (9th Cir. 2008); *Thornton v. Pinnacle Foods Grp, LLC*, 2016 WL 4073713, at *3 (E.D. Mo. Aug. 1, 2016); *Blue Buffalo Co. v. Nestle Purina Petcare Co.*, 2015 WL 3645262, at *5 (E.D. Mo. June 10, 2015) (holding that "the mere presence of an ingredient statement on the back of a product does not eliminate the possibility that reasonable consumers may be misled," and that the effect that an ingredient statement may have on a reasonable consumer's understanding of advertising and product labels involves a factual inquiry); *Lam v. Gen. Mills, Inc.*, 859 F.Supp.2d 1097, 1105 (N.D. Cal. 2012). As the Missouri Court of Appeals noted in *Murphy*:

> The FDA does not require an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misrepresentations and provide a shield from liability for that deception. A reasonable consumer would expect that the ingredient list comports with the representations on the packaging. Furthermore, the manufacturer, not the consumer, is in the superior position to know and understand the ingredients in its product and whether the ingredients comport with its packaging. While the presence of an ingredient list may be relevant to… defense at trial, the "ingredient list" defense cannot, as a matter of law, defeat an MMPA claim.

*Murphy,* 2016 WL 6596083, at *3 (internal citation omitted). Accordingly, Defendant's motion to dismiss Counts I and II of Plaintiffs' Complaint is denied.

### Count III - Unjust Enrichment

To state a claim for unjust enrichment under Illinois law, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment and that the defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.,* 131 Ill.2d 145, 137 Ill.Dec. 19, 545 N.E.2d 672, 679 (Ill. 1989). A claim of unjust enrichment under Missouri law requires proof that: (1) the defendant was enriched by the receipt of a benefit, (2) the enrichment was at the expense of the plaintiff and (3) it would be unjust to allow the defendant to retain the benefit. *Beeler v. Martin,* 306 S.W.3d 108, 112 (Mo. App. 2010).

Defendant asserts that Plaintiffs' unjust enrichment claim fails because it is based on their non-actionable consumer fraud claims. Defendant further asserts that Plaintiffs are barred from pursuing an equitable claim because they have not and cannot allege they have no adequate remedy at law. As previously discussed however, Plaintiffs have alleged claims under the ICFA and MMPA. Additionally, it is permissible to pursue alternative theories at the pleading stage. *See* Fed.R.Civ.P. 8(e)(2) (authorizing a party to "set forth two or more statements of a claim or defense alternately or hypothetically" and "to state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds."). Accordingly, Defendant's motion to dismiss Count III of Plaintiffs' Complaint is denied.

### Count IV - Breach of Express Warranty

"To state a claim for breach of express warranty [in Illinois], a plaintiff must allege that (1) the seller made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) seller guaranteed that the goods would conform to the

affirmation or promise." *Indus. Hard Chrome, Ltd. v. Hetran, Inc.,* 64 F.Supp.2d 741, 747 (N.D. Ill. 1999) (applying Illinois law). Generally, a party must have privity of contract in order to bring a cause of action for breach of express warranty. *Canadian Pac. Ry. Co. v. Williams–Hayward Protective Coatings,* 2005 WL 782698, at *15 (N.D. Ill. 2005) (applying Illinois law). The exception to this rule is if a manufacturer "expressly warranted its goods to the ultimate consumers and this was the basis for the bargain and relied upon by plaintiffs." *In re McDonald's French Fries Litig.,* 503 F.Supp.2d 953, 957 (N.D. Ill. 2007). In Missouri, to state a claim of breach of express warranty, a plaintiff must demonstrate: (1) that there was a sale of goods; (2) the seller made a statement of fact about the kind or quality of those goods; (3) the statement of fact was a material factor inducing the buyer to purchase the goods; (4) the goods did not conform to that statement of fact; (5) the nonconformity injured the buyer; and (6) the buyer notified the seller of the nonconformity in a timely fashion. *Pfitzer v. Smith & Wesson Corp.*, 2014 WL 636381, at *1 (E.D. Mo. 2014).

Defendant contends that Plaintiffs' breach of warranty claim fails because Defendant's disclosure of its corporate name on its Products is not something that can be "proven false" and that by utilizing the name "Andalou Naturals", Defendant does not seek to convey that its products are devoid of synthetic or unnatural ingredients. Defendant further contends that Plaintiffs are not in privity with Defendant.

Plaintiffs allege that Defendant made affirmations of fact and the promise to Plaintiffs that the Products were "natural." Plaintiffs further allege that the affirmations of fact and promises became part of the basis of the bargain in which Plaintiffs purchased Defendant's products, that Plaintiffs relied on the affirmations when making their purchasing decisions, and that Plaintiffs suffered damages as a result. The Court finds that the Complaint sufficiently states

7

a claim for breach of express warranty and that Plaintiffs' allegations establish the exception for express warranties under Illinois law[1]. Defendant's intentions in branding its products with the phrase "natural" are not a proper inquiry at this stage in the litigation. The motion to dismiss Count IV of Plaintiffs' Complaint is denied.

### Doctrine of Primary Jurisdiction

"The doctrine of primary jurisdiction 'is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties.'" *Nader v. Alleghany Airlines, Inc.,* 426 U.S. 290, 303 (1976) (quoting *United States v. Western Pac. R.R. Co.,* 352 U.S. 59, 63 (1956)). It applies where a claim that is originally cognizable in court "requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *Western Pac.,* 352 U.S. at 63-64.

The primary jurisdiction doctrine does not deprive the court of its jurisdiction, but it requires the court to suspend further judicial proceedings pending referral of the issues for an administrative ruling. *Reiter v. Cooper,* 507 U.S. 258, 268 (1993). This permits the agency to initially determine specific issues where such determinations "would secure '[u]niformity and consistency in the regulation of business entrusted to a particular agency' or where 'the limited functions of review by the judiciary [would be] more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.'" *Nader,* 426 U.S. at 303-04 (quoting *Far East Conference v. United States,* 342 U.S. 570, 574-75 (1952)). A court applying the doctrine of primary jurisdiction has

---

[1] No privity is required under Missouri law. *See Whitman v. Consol. Aluminum Corp.*, 637 S.W.2d 405, 407 (Mo. Ct. App. 1982).

"discretion either to retain jurisdiction or, if the parties would not be unfairly disadvantaged, to dismiss the case without prejudice." *Reiter,* 507 U.S. at 268.

Application of the primary jurisdiction doctrine is unwarranted where the relevant administrative agency has shown no interest in addressing the matter. *See, e.g., In re ConAgra Foods, Inc.,* 2013 WL 4259467 (C.D. Cal. 2013) (for the doctrine to apply, "first, the FDA would have to act, something it has declined to do in the past"). Specifically relevant to this case, "in 2013, the FDA admitted that "proceedings to define 'natural' [in the context of cosmetic product ingredients] do not fit within [its] current health and safety priorities." *See Langan v. Johnson & Johnson Consumer Companies, Inc.*, 95 F. Supp. 3d 284, 292–93 (D. Conn. 2015); *see also Goldemberg v. Johnson & Johnson Consumer Companies, Inc.,* 8 F.Supp.3d 467, 477–78 (S.D.N.Y. 2014) (declining to apply primary jurisdiction doctrine to claim involving use of term "Active Naturals" on Aveeno products in light of evidence that FDA does not wish to determine the meaning of "natural"); *Fagan v. Neutrogena Corp.,* 2014 WL 92255, at *1 (C.D. Cal. 2014) (holding that nearly identical claims were not barred by the doctrine of primary jurisdiction based on the FDA's guidance that it had no intention of defining the term "natural" in the cosmetics context). Courts have regularly considered whether the term "natural" is mislabeled without deferring to special agency expertise. *See Kosta v. Del Month Corp.*, 2013 WL 2147413, at *10 (N.D. Cal., 2013) (collecting cases). Likewise, this Court declines to apply the primary jurisdiction doctrine to Plaintiffs' claims. Defendant's motion to dismiss is denied in its entirety.

**IT IS SO ORDERED.**

**DATED:  December 8, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**